UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS LARAMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-1618 JAR |
| | ) |
| WASHINGTON COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481(8th Cir. 1997). Additionally, after review of the complaint, the Court will order the Clerk to serve process on defendants Shannon Thompson, Kevin Snow, and Unknown Barton.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff is detained in the Washington County Jail (the "Jail"). He suffers from a heart condition for which he requires regular medication. Upon his arrival at the Jail, he was not given his heart medicine for thirty days. He was without his other medications for sixty days. On June 15, 2017, he was taken to the hospital for shortness of breath and hypertension. The doctor who treated him recommended a follow-up with a cardiologist. Defendant Kevin Snow told plaintiff he would not be allowed to schedule the follow-up because "we don't do that."

Plaintiff alleges that he filed several grievances regarding the denial of medical treatment, but defendants Snow, Steve Rhine, and Unknown Barton refused to respond to them.

Plaintiff further alleges that the Jail is designed to hold twenty-eight inmates, but the average population has been fifty-five since plaintiff arrived there. He has had to share a four-man cell with up to fifteen other inmates. The cells are filthy, and plaintiff has not had access to a towel or cleaning supplies, among other things. His medical condition has worsened as a result. Plaintiff complained to defendants Barton, Snow, and Shannon Thompson about the conditions, but they refused to intervene. He says Rhine, Snow, and Barton threw his grievances on the matter in the trash.

Plaintiff requested access to legal research materials from Zach Jacobson, Thompson, Rhine, and Snow. Defendants denied his requests.

**Discussion**

Plaintiff has alleged non-frivolous claims against defendants Shannon Thompson, Kevin Snow, and Unknown Barton in their individual capacities for medical mistreatment and unconstitutional conditions of confinement. Therefore, the Court will order the Clerk to serve them with process.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, plaintiff's official-capacity claims are dismissed.

Plaintiff's allegations that defendants did not respond to his grievances do not state a plausible claim for relief. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). There is no allegation that the failure to respond to the grievances caused or contributed to cause a constitutional violation. As a result, the grievance claims against defendants Snow, Rhine, Barton, and Thompson are dismissed.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

> Alleging theoretical inadequacies is insufficient. Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Id.* Plaintiff has not alleged any such facts. As a result, his First Amendment claims against defendants Jacobsen, Thompson, Rhine, and Snow are dismissed.

Plaintiff has not demonstrated that defendants Jacobson, Rhine, or Thomlinson were personally responsible for the denial of medical care or overcrowding at the Jail, which are the only claims that survive review under 28 U.S.C. § 1915(e). Therefore, they must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Shannon Thompson, Kevin Snow, and Detective Unknown Barton.

**IT IS FURTHER ORDERED** that defendants Zach Jacobson, Steve Rhine, and Brandon Thomlinson are **DISMISSED** without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims, grievance claims, and access-to-the-courts claims are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 9th day of August, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE