UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS LARAMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:17-CV-01618 JAR |
| v. | ) |
| | ) |
| SHANNON THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Dennis Laramore ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Shannon Thompson ("Thompson"), Captain of the Washington County Sheriff's Office; Kevin Snow ("Snow"), a Washington County Sheriff's Deputy; and Christopher Barton ("Barton"), a Washington County Sheriff's Road Deputy, in their individual capacities.[1] Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs and subjected him to unlawful conditions of confinement while he was incarcerated at the Washington County Jail (the "Jail") from April 25, 2017 to September 1, 2017 awaiting sentencing. This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. No. 59). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477

---

[1] On August 9, 2017, the Court dismissed Zach Jacobson, Steve Rhine, and Brandon Thomlinson. The Court also dismissed Plaintiff's official capacity claims, grievance claims, and access to the courts claims. (Doc. No. 10).

1

U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). Self-serving, conclusory statements without support are insufficient to defeat summary judgment. Armour & Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

Plaintiff did not respond to Defendants' Statement of Uncontroverted Material Facts ("SOF") (Doc. No. 61), as required under Federal Rule of Civil Procedure 56 and Local Rule 4.01(E). Plaintiff's status as a *pro se* prisoner does not excuse him from responding to Defendants' motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules. Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001). With his failure to respond, Plaintiff is deemed to have admitted all facts in Defendants' Statement of Uncontroverted Facts. Turner v. Shinseki, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. Jun. 22, 2010) (citing Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), *aff'd* 232 F.3d 907 (8th Cir. 2000), *cert. denied*, 531 U.S. 877)). However, Plaintiff's failure to respond properly to Defendants' motion does not mean summary judgment should be automatically granted in favor of Defendants. Even if the facts as alleged by Defendants are not in dispute, those facts still must establish they are entitled to judgment as a matter of law. Cross v. MHM Corr. Servs., Inc., No. 4:11-CV-1544 TIA, 2014 WL 5385113, at *3 (E.D. Mo. Oct. 10, 2014).

## Discussion

### A. Deliberate indifference to medical needs

Defendants first argue they are entitled to summary judgment on Plaintiff's claim for deliberate indifference because his alleged medical conditions were not objectively serious and because he received adequate medical care at the Jail. In addition, Plaintiff has not proffered verifying medical evidence establishing that any alleged delay in treatment had a detrimental effect on his medical condition.

It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. Id. at 104-05. To establish deliberate indifference, a plaintiff must show that: (1) he suffered from an "objectively serious medical need"; and (2) prison officials "actually knew of but deliberately disregarded" that need. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). A medical need is sufficiently serious if it has been diagnosed by a physician as requiring treatment, unless it is so obvious that even a layperson would easily recognize the need for medical attention. Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017) (citations omitted).

Deliberate indifference is an extremely high standard that requires a mental state "akin to criminal recklessness." Jackson, 756 F.3d at 1065 (quoting Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014)). Thus, Plaintiff must show "more than negligence, more even than gross negligence." Fourte v. Faulkner Cty., Ark., 746 F.3d 384, 387 (8th Cir. 2014) (quoting Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)). He must demonstrate that Defendants' actions

3

were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Dulany v. Carnahan, 132 F.3d 1234, 1240–41 (8th Cir. 1997). Moreover, when a claim of deliberate indifference is based on a delay in treatment, a plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997); Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002).

As a preliminary matter, Plaintiff has admitted he is not asserting any claim against Barton for failure to provide him with proper medical care at the Jail. (SOF at ¶ 66; Deposition of Dennis Laramore, Doc. No. 61-1 at 141:11-17). The Court will, therefore, grant Defendants' motion as it relates to Plaintiff's claim against Barton for deliberate indifference to medical needs.

In his amended complaint, Plaintiff alleges he suffers from several medical conditions, including an unspecified heart condition, COPD, and other respiratory conditions, for which he was receiving regular treatment, and that upon his arrival at the Jail, Defendants were deliberately indifferent to his medical needs by failing to provide him with his heart medication for thirty days and his other medications for sixty days. In his deposition, Plaintiff also claimed that he required a daily aspirin and a special diet, and needed to be examined by a cardiologist.

There is no record evidence showing Plaintiff was diagnosed with any of the medical conditions he claims to have. During the relevant period, a family nurse practitioner was assigned to work at the Jail pursuant to a contract between Washington County, Missouri and Washington County Memorial Hospital to provide medical services at the Jail. Although the nurse practitioner provided medical care to Plaintiff, she was unable to confirm his alleged medical conditions within a reasonable degree of medical certainty because she had not received

4

Plaintiff's medical records from his providers by the time he was transferred out of the Jail. In any event, the Court need not reach this issue. Even assuming, without deciding, that Plaintiff had objectively serious medical needs, he has failed to allege facts sufficient to show that Thompson and Snow knew of Plaintiff's medical needs and deliberately disregarded them.

The undisputed facts show that Thompson and Snow were unaware that Plaintiff had any medical conditions requiring treatment and that they did not instruct or direct anyone on the nature and extent of the medical care, including medications, that should be or was provided to Plaintiff. As Captain of the Washington County Sheriff's Office, Thompson had supervisory authority over the Office's Road Division, which provides general law enforcement services within the County, and the Jail Division, which administers the Jail. Captain Thompson did not personally administer or manage the daily operations of the Jail and was not responsible for addressing and responding to written grievances and medical request forms submitted by inmates. Deputy Snow was primarily assigned to work at the Washington County Courthouse as a bailiff, and occasionally assigned to provide assistance at the Jail. Neither Thompson nor Snow reviewed any of the written grievances or medical request forms allegedly submitted by Plaintiff. Snow transported Plaintiff from the Washington County Memorial Hospital back to the Jail; however, without something more, this does not establish that Snow actually knew Plaintiff had any serious medical conditions requiring care. See Farmer, 511 U.S. at 837 (a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference); Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) (same).

Moreover, the record clearly demonstrates that Plaintiff received extensive medical care at the Jail. Based upon the medical history she received from Plaintiff, the nurse practitioner prescribed ProAir HFA, a bronchodilator that increases the air flow to the lungs, to treat his complaints of COPD, asthma, histoplasmosis, and other respiratory problems. She also authorized Plaintiff's use of a nebulizer, which creates a mist that administers albuterol and other respiratory medications to a patient, as well as Vicks VapoRub to help his breathing. The nurse practitioner prescribed Isosorbide to treat Plaintiff's complaints of angina, chest pain, high blood pressure, and an unspecified heart condition; Gabapentin to treat his complaints of leg pain and restless leg syndrome; and Cetirizine, an antihistamine, to temporarily relieve the symptoms caused by Plaintiff's alleged allergies. Plaintiff was examined by the nurse practitioner for a skin rash and prescribed antibiotics for the rash. The nurse practitioner also prescribed viscous lidocaine to treat Plaintiff's complaints of tooth pain and authorized a dental appointment for him to treat his tooth decay; however, Plaintiff was transferred out of the Jail before he could be seen by a dentist. For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).

In addition to the medical care Plaintiff received at the Jail, the record shows he was taken to the Washington County Memorial Hospital on May 19, 2017, shortly after arriving at the Jail. Although the reason for the visit is unclear[2], the medical records indicate that Plaintiff denied any cardiovascular problems or skin problems and he was discharged that same day. On

---

[2] Plaintiff testified he did not have any complaints when he was taken to the hospital but that the individual performing Plaintiff's sentencing recommendation believed he may have been exposed to tuberculosis.

6

July 12, 2017, Plaintiff received additional medical treatment at the Washington County Memorial Hospital for complaints of chest pain. The medical examination of Plaintiff revealed that his "[h]eart rate was normal and the rhythm was regular." The medical examination also revealed that Plaintiff's "lung sounds were clear, and breath sounds were equal bilaterally." The treating physician characterized Plaintiff's medical condition as "CHEST PAIN, UNSPECIFIED."

In his response, Plaintiff has not set forth any specific facts to rebut Defendants' showing or to support his contentions that the medical treatment provided him was inadequate, nor has he produced verifying medical evidence to establish that any alleged delay in treatment had a detrimental effect on his alleged medical conditions. Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006) (citing Crowley, 109 F.3d at 502). Without actual evidence to refute Defendants' testimony, Plaintiff cannot defeat Defendants' motion. See Reed v. Lear Corp., 556 F.3d 674, 678 (8th Cir. 2009) ("To overcome a motion for summary judgment, a Plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the Plaintiff's favor."); Moore ex rel. Moore v. Briggs, 381 F.3d 771 (8th Cir. 2004) (stating an analysis for summary judgment must be based on the record of evidence, not conclusory allegations of deliberate indifference). Because Plaintiff has not introduced any evidence from which a reasonable jury might find that Thompson and Snow deliberately disregarded his allegedly serious medical needs, the Court finds and concludes that Thompson and Snow are entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference.

## B. Conditions of confinement

Next, Defendants argue they are entitled to summary judgment on Plaintiff's conditions of confinement claim because he was not subjected to an extreme deprivation that posed a risk to his health or safety.

The Eighth Amendment requires prison officials to provide "humane conditions of confinement" to its inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions are not cruel and unusual merely because they are harsh or uncomfortable; however, officials must ensure that inmates receive "adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of inmates." Id. To establish an Eighth Amendment conditions-of-confinement claim, Plaintiff must show that the deprivation alleged was "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk. Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (quoting Farmer, 511 U.S. at 834, 837); Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). Again, mere negligence and inadvertence are insufficient to satisfy the deliberate indifference requirement. Choate, 7 F.3d at 1374.

Here, Plaintiff alleges the Jail is overcrowded, lacks running water and functional restrooms, and is contaminated with black mold. Plaintiff further alleges he has been denied a proper sleeping mat, towel, care package, and cleaning supplies. As a result, Plaintiff claims his medical condition has worsened. According to Plaintiff, Defendants advised the inmates "We are not a Federal Jail and we do not have to abide by any State or Federal Rules." During his deposition, Plaintiff claimed he did not have a towel for the first three months he was at the Jail and that he had to use his clothes to dry off after taking a shower. He also claimed the Jail lacked

8

adequate ventilation and that chains and padlocks were used on some of the cell doors because the locking systems did not work.

As a preliminary matter, Plaintiff has not stated how the Defendants were responsible for these conditions. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370 (1976)); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory does not apply in § 1983 suits). Thus, Plaintiff has not established a causal link between any of the Defendants and his claims.

Moreover, Plaintiff's own testimony conclusively refutes his allegations. At his deposition, Plaintiff testified he was provided with a mat to sleep on, a blanket, and a pillow, as well as soap, toothpaste and a toothbrush. He had access to bathroom facilities and could shower whenever he wanted. Plaintiff was provided three meals per day, and he and the other inmates were given a mop, bucket, and a broom about once a week. Despite his claim that chains and padlocks were used on cell doors at night, Plaintiff testified he had never actually experienced any problems in this regard. A § 1983 action is a type of tort claim, and a plaintiff must suffer some actual injury before he can receive compensation, and the injury must be more than *de minimus*. Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008).

While Plaintiff's conclusory allegations of overcrowding, mold, inadequate ventilation, and unsanitary conditions raise serious concerns, without more, they fail to demonstrate objectively serious conditions that violate the constitution. See Williams, 49 F.3d at 445 (citing Farmer, 511 U.S. at 834) (To state an Eighth Amendment conditions-of-confinement claim, an

inmate must show that the alleged deprivations denied him "the minimal civilized measure of life's necessities," and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety."). As for Plaintiff's claim that he did not have a towel for the first three months he was at the Jail, this too fails to rise to the level of an objectively serious condition of confinement. See Dundee v. Rambo, No. 4:08-CV-4127, 2011 WL 776161, at * 8 (W.D. Ark. Feb. 3, 2011) (ruling that a lack of towels and other items did not violate the constitution); Henderson v. Greeley, 6:13-CV-06137, 2015 WL 1280312, at *13 (W.D. Ark. Mar. 20, 2015) (same).

There is also no medical evidence in the record from which a jury could find that Plaintiff's condition was exacerbated by the conditions of his detention. See Jackson v. Riebold, 815 F.3d 1114, 1120 (8th Cir. 2016); Gibson, 433 F.3d at 646.

Lastly, Defendants' affidavits establish they cannot be liable for many of the conditions of confinement of which Plaintiff complains. Tribble v. Ark. Dept. of Human Servs., 77 F.3d 268, 270 (8th Cir. 1996). Defendants state they were unaware of any conditions at the Jail that posed an excessive risk of harm to the health and safety of Plaintiff or any other inmates.

Because Plaintiff has not introduced any evidence from which a reasonable jury might find that his conditions of confinement posed a substantial risk of serious harm and that Defendants knew of but disregarded, or were deliberately indifferent to, his health and safety, the Court finds and concludes that Defendants are entitled to judgment as a matter of law on Plaintiff's conditions of confinement claim.

### C. Qualified immunity

Finally, Defendants argue they are entitled to summary judgment based on qualified immunity. Because Plaintiff has failed to show the violation of a clearly established constitutional right, the Court will grant summary judgment on this alternative ground as well.

An official sued under § 1983 is entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation. Capps v. Olson, 780 F.3d 879, 884 (8th Cir. 2015) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." Kulkay v. Roy, 847 F.3d 637, 642 (8th Cir. 2017) (quoting Pearson, 555 U.S. at 236). Because an official is entitled to qualified immunity unless both prongs are satisfied, the analysis ends if either of the two is not met. See id.

As discussed above, the Court has found that the facts, even when viewed in the light most favorable to Plaintiff, do not establish a plausible claim for an Eighth Amendment violation because Plaintiff has not shown that Defendants were deliberately indifferent to his medical needs or that his conditions of confinement posed a substantial risk of serious harm that Defendants knew of but were deliberately indifferent to. If no constitutional violation occurred, the evaluation ends there. Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003) ("Without the requisite showing of a constitutional violation, summary judgment is proper because [plaintiff] has failed to establish the existence of an essential element of [his] case."). The Court need not proceed to the second prong of the qualified immunity analysis to determine whether the alleged constitutional violation was also clearly established at the time in question. See Kulkay, 847 F.3d at 645–46 (citing Ransom v. Grisafe, 790 F.3d 804, 812 n.4 (8th Cir.

2015)); Fields v. Abbott, 652 F.3d 886, 894 (8th Cir. 2011)). Defendants are therefore entitled to qualified immunity on Plaintiff's deliberate indifference claim and conditions of confinement claim.

**Conclusion**

For these reasons, the Court finds and concludes that Defendants are entitled to summary judgment on Plaintiff's claims for deliberate indifference and unconstitutional conditions of confinement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Shannon Thompson, Kevin Snow, and Christopher Barton's Motion for Summary Judgment [59] is **GRANTED.**

A separate Judgment will accompany this Memorandum and Order.

Dated this 16th day of September, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE